[Cite as *State ex rel. Dudley v. Sheehan*, 2012-Ohio-1208.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97806**

## STATE OF OHIO, EX REL.,
## EDDIE DUDLEY

RELATOR

vs.

## JUDGE BRENDAN J. SHEEHAN

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No.451752
Order No. 453085

**RELEASE DATE:** March 19, 2012

**FOR RELATOR**

Eddie Dudley, pro se
Inmate No. 582-483
Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, OH   44044

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Asst. County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} On January 6, 2012, the relator, Eddie Dudley, commenced this mandamus action against the respondent, Judge Brendan Sheehan, to compel the judge to rule upon various motions that he filed in the underlying cases, *State v. Dudley*, Cuyahoga C.P. Nos. CR-530921-A, CR-550587-A, CR-500881-A, and CR-532408-A. On January 27, 2012, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Dudley never filed a response. For the following reasons, this court grants the motion for summary judgment.

{¶2} In his first claim, Dudley avers that he filed a motion to vacate fines and court costs in all four of the underlying cases on August 31, 2010. Dudley attached a copy of this motion as Exhibit A to his complaint. He has typed in the case caption Case No. CR-09-530921-A. Above that written in pen or pencil are also the numbers 500881 and 500587. However, an examination of the dockets in the four underlying cases show that the motion to vacate fines and court costs was filed only in Case No. CR-530921-A. The respondent judge attached a certified copy of the motion as Exhibit A to his motion for summary judgment. The certified copy has only the typed-in number CR-09-530921-A. Furthermore, the motion itself asks for "an order in the above style [sic] case." The affidavit of indigency attached to the motion to vacate fines and court costs lists only the 530921 number. Moreover, once a motion for summary judgment has been made, the nonmoving party may not rest on the mere allegations of his

pleading, but must respond pursuant to Civ.R. 56. Dudley never did so. Accordingly, this court concludes that the motion to vacate fines and court costs was filed only in Case No. CR-530921-A. In his second claim, Dudley seeks rulings on motions for a monthly installment plan filed in all four underlying cases on July 14, 2010.

{¶3} Attached to the respondent's motion for summary judgment are certified copies of signed, file-stamped January 19, 2012 journal entries denying all of the outstanding motions. Specifically, one journal entry denies the motion to vacate fines and court costs in CR-530921-A, and four other journal entries deny the motions for an installment plan in the underlying four cases. These journal entries establish that the respondent judge has fulfilled his duty to rule on the subject motions and that Dudley has received the relief to which he is entitled. This matter is moot.

{¶4} Accordingly, this court grants the motion for summary judgment and denies the application for a writ of mandamus. Respondent to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR